```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

**JAMON DAMON DOWNING, #340067**

        **Petitioner,**

v.                                                            2:08CV13

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        **Respondent.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

On September 30, 2005, in the Circuit Court for Fairfax County, Virginia, petitioner was convicted of distribution of a controlled drug and distribution of an imitation controlled drug, and was sentenced to five years and four months imprisonment. Petitioner appealed to the Virginia Court of Appeals, but on May 3, 2006, the appeal was denied by a single judge, and on June 16, 2006, the decision was upheld by a three-judge panel. Petitioner then appealed to the Supreme Court of Virginia, which refused the appeal on November, 27, 2006, and a petition for rehearing was denied on March 8, 2007. Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, but on October 1, 2007, the petition was denied.

On December 28, 2007, petitioner filed a petition for writ of habeas corpus in this Court, and on April 21, 2008, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges the following ineffective assistance of counsel claims:

1. Counsel was ineffective because he failed to conduct the necessary pretrial investigations pertaining to critical stages of criminal proceedings;

2. Counsel was ineffective because he failed to subpoena a forensic technician; and

3. Counsel was ineffective because he failed to show or establish that the lack of foundation was based on insufficient evidence.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion,

the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law.  In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court.  See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)).  As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual

determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir.

4

1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### D. Petitioner did not receive ineffective assistance of counsel.

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear. They were established in Strickland v. Washington, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court. In Strickland, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance." Id. at 687. The Court stated:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.
>
> . . . .
>
> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 686-87.

There are, therefore, two elements of the Strickland test, each of which must be met before the conduct of counsel can be found constitutionally defective. First, petitioner must show that he received deficient legal representation, measuring the competency of his counsel

against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996). Petitioner must also show actual prejudice; that is, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986); Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

The burden on petitioner is to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. That translates into a reasonable probability that "absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be highly deferential in scrutinizing counsel's tactics. See Bennett v. Angelone, 92 F.3d 1336, 1349 (4th Cir. 1996). Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . . review." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)(citing Strickland, 466 U.S. at 689).

Petitioner alleges that his trial counsel was ineffective because he failed to conduct pretrial investigations necessary for the critical stages of criminal proceedings, (Claim 1). Petitioner suggests that a pretrial investigation would have revealed that Detective Phillips did not obtain a warrant before engaging petitioner in the undercover operation and that Phillips racially profiled and entrapped petitioner.

The Supreme Court of Virginia considered the merits of the claim and rejected it as satisfying neither the performance nor the prejudice prong of the Strickland test. The court found that petitioner failed to establish that Phillips did not have the authority to conduct the undercover operation. (Br. in Support of Mot. to Dismiss, Ex. 7 at 2.) The court also noted that petitioner failed to establish "how a lack of authority would have impacted the admissibility of the evidence against petitioner." (Id.) Further, the court found that the record demonstrated that counsel investigated Phillips and concluded that he was "not motivated by a racial bias and did not entrap petitioner." (Id.)

A state court's factual findings in post-trial proceedings are entitled to a "presumption of correctness" and are given a "high measure of deference" by the federal court reviewing the claims. Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995). Further, pursuant to 28 U.S.C. § 2254(d)(1) and (2), the finding of the Supreme Court of Virginia is entitled to deference, as it is not an unreasonable application of Strickland jurisprudence, nor an unreasonable determination in light of the facts presented. The claim is without merit and should be DISMISSED.

Petitioner alleges that trial counsel was ineffective because he failed to subpoena a forensic technician as a defense witness, (Claim 2). Petitioner asserts that it was necessary to subpoena the forensic technician to lay a foundation regarding chain of custody. Petitioner claims that there was sufficient evidence to show that the drugs may have been altered or substituted, and he believes that counsel could not properly challenge the chain of custody without calling the forensic technician as a witness.

The Supreme Court of Virginia rejected the claim as satisfying neither the performance nor the prejudice prong of Strickland. The court held that counsel made a tactical decision in choosing not to call the

technician, because he believed that the technician would have "bolstered the Commonwealth's case against petitioner." (Br. in Support of Mot. to Dismiss, Ex. 7 at 2-3.) The court further held that the trial transcript revealed that counsel was aware of the potential chain of custody problem, as he raised the issue to the trial court and the appellate court but was unsuccessful in either attempt. Therefore, the Supreme Court of Virginia held that petitioner failed to show that counsel's performance was deficient or that, but for counsel's alleged errors, the result would have been different.

The finding of the Virginia Supreme Court is entitled to deference by this Court, as it is not an unreasonable application of federal law nor an unreasonable determination in light of the facts presented. See 28 U.S.C. § 2254(d)(1)-(2). The claim is without merit and should be DISMISSED.

Petitioner alleges that counsel was ineffective because he failed to show or establish that the lack of foundation regarding the information obtained as a result of the illegal phone tap was based on insufficient evidence, (Claim 3). Petitioner asserts that Phillips failed to produce any witnesses to support his claim that he engaged in a drug transaction with petitioner.

The Supreme Court of Virginia considered the merits of this claim and found the claim to be without merit, as there was sufficient evidence in the trial record to show that petitioner "distributed cocaine and distributed imitation cocaine." (Br. in Support of Mot. to Dismiss, Ex. 7 at 3.) Therefore, the Supreme Court found that the claim did not satisfy the prejudice prong of Strickland, since petitioner did not show that the proceeding would have resulted differently but for counsel's alleged errors.

The finding of the Supreme Court of Virginia is entitled to deference by this Court, as the state court did not unreasonably apply Strickland, nor make an unreasonable determination in light of the facts presented. See 28 U.S.C. § 2254(d)(1)-(2). The claim is without merit and should be DISMISSED.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                                                          /s/
                                              **James E. Bradberry**
                                              **United States Magistrate Judge**

**Norfolk, Virginia**

**June 25, 2008**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

>Jamon Damon Downing, #340067, <u>pro</u> <u>se</u>
>Greensville Correctional Center
>901 Corrections Way
>Jarratt, VA  23870
>
>
>J. Robert Bryden, II, Esq.
>Assistant Attorney General of Virginia
>900 E. Main Street
>Richmond, VA  23219

>>Fernando Galindo, Clerk
>>
>>
>>By _____
>>         Deputy Clerk
>>
>>_____, 2008