UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
AUG 18 2008
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JAMON DAMON DOWNING, #340067

Petitioner,

v.  2:08cv13

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's convictions on September 30, 2005, in the Circuit Court of Fairfax County, Virginia, for distribution of a controlled drug and distribution of an imitation controlled drug. As a result of the convictions, Petitioner was sentenced to serve five years and four months in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Local Civil Rule 72 of the Local Rules for the United States District Court for the Eastern District of Virginia for preparation of a Report and Recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on June 25, 2008. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received objections to the report from Petitioner on July 9, 2008.

The Court, having reviewed the record and examined the objections filed by the Petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and

approve the findings and recommendations set forth in the Report of the United States Magistrate Judge. Therefore, it is **ORDERED** that the petition be **DENIED** and **DISMISSED** on the merits and that judgment be entered in Respondent's favor.

To the extent that Petitioner objects to the Magistrate Judge's findings and conclusions, the objections are without merit. Petitioner argues that the Report and Recommendation "does not demonstrate that the state process was adequately adjudicated" and that the state process: (1) "did not address the issues as enumerated in the [p]etition," (2) was not "based on the facts of the case," (3) "did not have a[n] independent conclusion of the facts of the case," and (4) did not address Petitioner's detention. (Pet'r Objections, at 1.) Petitioner further argues that the information in his initial petition sufficiently established a prima facie showing that his detention is unlawful. Unfortunately, Petitioner misses the point.

At trial, a detective established that Petitioner sold him crack cocaine and imitation crack cocaine, that he secured the contraband in such a way as to protect the material from contamination, and that he delivered the material to the forensic lab for examination and it tested positive. At the conclusion of the case, Petitioner was found guilty, based upon the cumulative strength of the evidence. There is no prima facie circumstance that must be resolved. The Virginia Court of Appeals found the evidence sufficient, and the Supreme Court of Virginia affirmed. Likewise, when raised in the state habeas petition, the Supreme Court rejected the claim for the same reason.

Petitioner argues that the police conducted an unauthorized sting operation. However, there is not a scintilla of evidence to support the allegation. Petitioner sold controlled and imitation controlled drugs to the undercover detective, who was authorized to make such a purchase by virtue of his job. No special "authority" was required. At trial, Petitioner was identified, and the results of the drug tests were introduced.

Petitioner also challenges defense counsel's decision not to call the forensics technician as a witness at trial. However, defense counsel asserts that he chose not to have the forensic expert from the lab testify because the expert could have caused more harm than good to Petitioner's case. This is precisely the kind of decision trial counsel is entitled to make. Furthermore, the Court notes that counsel was able to keep certain information out of the record by timely objections.

Finally, Petitioner claims that "the state court process was [a]n unreasonable application of current law." (Pet'r Objections, at 2.) The courts of the Commonwealth responded to Petitioner's claims in the Virginia Court of Appeals and in the Supreme Court of Virginia. In each instance, they gave balanced and rational reasons for the decisions they made. Those decisions are entitled to respect from this Court.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

The Clerk is **DIRECTED** to mail a copy of this Final Order to Petitioner and to counsel of record for the Respondent.

**IT IS SO ORDERED.**

/s/ [signature]
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 18, 2008